(164 App. Div. 805)

ORR v. HAMBURG–AMERICAN LINE.   (No. 6514.)

(Supreme Court, Appellate Division, First Department.   December 4, 1914.)

1. PLEADING (§ 362*)—MOTIONS—STRIKING OUT.

In an action against a steamship company for the conversion of furs, where the answer alleged that the bill of lading exempted it from common-law liability for loss occasioned by barratry of the master or crew, by enemies, etc., or for any damage to goods which could be covered by insurance, that the furs were stolen during the voyage, and that such damage was capable of being covered by insurance, allegations denying averments of the complaint that defendant received the furs as a common carrier for hire, that they were stolen by defendant or its agents, and that defendant now owed the value of the goods, will not be stricken, for the denial of such allegations was essential to the defense based on the bill of lading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

2. PLEADING (§ 362*)—MOTIONS—STRIKING OUT.

In an action against a steamship company for the conversion of furs, a denial, in a special defense which set up limitation of the company's common-law liability by bill of lading, that the company had knowledge or information sufficient to form a belief as to the nature and value of the furs, is not subject to motion to strike.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

3. PLEADING (§ 362*)—MOTIONS—STRIKING OUT.

In an action against a steamship company for the conversion of freight delivered by an express company, it was set up as a special defense that the express company paid the owners the full value of the freight, which was received in satisfaction of all liability, and that they released the express company. The further defense that the freight was shipped under a bill of lading exempting the steamship company from loss by theft, and that the property was stolen, was incorporated by reference. *Held*, that as the cause of action compromised by the express company was for its contract liability, and would not be a defense to an action against the steamship company for conversion, denials that the steamship company accepted the freight as a common carrier, and of the conversion, cannot be stricken.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1147–1155; Dec. Dig. § 362.*]

4. PLEADING (§ 367*)—MOTIONS TO MAKE MORE DEFINITE AND CERTAIN.

In an action against a steamship company for the conversion of freight, a motion to make more definite and certain an answer setting up that the goods were either stolen through the barratry of the master or crew, or by enemies, etc., will be denied, where under the bill of lading the defendant was free from liability in either case.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 64, 1173–1193; Dec. Dig. § 367.*]

5. PLEADING (§ 94*)—DEFENSES—SEPARATE STATEMENTS.

Where a steamship company, as a defense to an action for conversion of freight, set up that the loss was due to theft, which might have been insured against, and that it was not liable under the bill of lading, excusing it from loss by theft, and from all losses against which insurance might be secured, there are two separate defenses, which should be separately stated.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 191, 192; Dec. Dig. § 94.*]

Appeal from Special Term, New York County.

Action by Orton G. Orr against the Hamburg-American Line. From an order denying his motion to strike out parts of the answer as irrelevant, and to have the defense made more definite and certain, and to require defendant to separately state and number the defenses, plaintiff appeals.   Order modified and affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, DOWLING, and HOTCHKISS, JJ.

Arthur W. Clement, of New York City, for appellant.

Wharton Poor, of North Flushing (Edward Sandford, of New York City, on the brief), for respondent.

LAUGHLIN, J.   This is an action on causes of action assigned by the United States Express Company and Traugott Schmidt & Sons to recover for the loss of a case of raw furs alleged to have been delivered by said express company to the defendant as a common carrier for hire, for transportation to Hamburg, Germany.   It is alleged in the complaint that "the defendant, its agents, servants, and employés," stole and unlawfully disposed of and converted the furs to their own use. The defendant admits that it was a common carrier for hire, engaged in the transportation of property between New York and Hamburg, and owned and controlled the steamship on which the furs were shipped, and puts in issue all other allegations of the complaint, and pleads three separate defenses.

[1, 2] In the first defense it denies that the goods were delivered to it, or consigned to the express company at Hamburg, excepting under a bill of lading therein pleaded, which exempted the carrier from certain common-law liability, and, among other things, from liability for loss or damage occasioned "by barratry of the master or crew, by enemies, pirates, robbers, or thieves, nor for any damage to any of said goods, however caused, which was capable of being covered by insurance," and then alleges that the goods were stolen during the voyage. In this defense it denies the allegations of the complaint to the effect that it received the goods as a common carrier for hire, and for a valuable consideration promised and agreed to deliver them at Hamburg, and it puts in issue the allegations of the complaint with respect to the goods having been stolen and converted by defendant and its agents, and to the effect that there is now due and owing from it to the plaintiff the value of the goods.   The motion is to strike out these denials. Manifestly they are all essential to the defense predicated upon the bill of lading.   The defendant in the first defense also denies that it has any knowledge or information sufficient to form a belief with respect to the nature, quality, quantity, or value of the goods, and the motion was to strike that out also.   Manifestly it was proper for the defendant to interpose this denial.

[3] The second defense is that the express company paid the other assignors, who were the owners of the goods, the full value thereof alleged in the complaint on the 13th day of August, 1912, and that the same was received and accepted by them in full satisfaction and discharge of all liability, and that they released and discharged the express

company. This defense incorporates by reference the denials contained in the first defense, with the exception of the denial of knowledge or information with respect to the nature, quality, quantity, or value of the goods. The plaintiff does not allege when the causes of action were assigned to him, and, although the date of the adjustment between the express company and the owners is shown, it does not appear whether this was before or after the assignment to the plaintiff, or whether, if after the assignment to the plaintiff, the settlement was made without knowledge on the part of the express company that the cause of action had been assigned by the owners. Manifestly the cause of action which was thus settled and compromised by the express company was for its contract liability, and that would not in any event be a defense to the cause of action alleged against defendant for conversion. It was therefore proper to incorporate in this defense the denials with respect to the conversion and the receipt of the goods as a common carrier without limitation of liability.

[4] The order also denies plaintiff's motion to require the defendant to make its answer more definite and certain, by stating whether the goods were stolen through the barratry of the master or of the crew, or by enemies, or by pirates, or by robbers, or by thieves. That is quite immaterial, for the theory of the defense is that under the bill of lading the defendant was relieved from liability for loss from any of those causes (Spinetti v. Atlas S. S. Co., 80 N. Y. 71, 36 Am. Rep. 579), and no question with respect to the sufficiency of the defense is presented for decision, and therefore we are not called upon to analyze it and say whether one part of it would be good or another bad.

[5] The order also denies the motion to have the two defenses that the loss was due to theft, and that it was capable of insurance, and was insured, and that the insurance has been paid, separately stated and numbered. Those are separate and independent defenses, and to that extent the motion should have been granted.

It follows that the order should be modified, by requiring the defendant to separately state and number the two defenses pleaded in the second defense, and, as so modified, affirmed, without costs. All concur.